IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

**CHASITY MORAN,** *Individually,*
*and on behalf of herself and other similarly*
*situated current and former employees*,

    Plaintiff,

    v.

**VISION HOSPITALITY GROUP, INC.** and
**MITCHELL PATEL,** individually,

    Defendants.

NO. _____

**FLSA Collective Action**
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Chasity Moran ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid housekeeping employees, brings this Fair Labor Standards Act ("FLSA") Collective Action against Vision Hospitality Group, Inc. and Mitchell Patel, individually ("Defendants") and states as follows:

### I.     INTRODUCTION

1. This lawsuit is brought against Defendants as a Collective Action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid housekeeping employees as defined herein.

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half

times their regular hourly rates of pay, as required by the FLSA.

3. Plaintiff brings this action as a Collective Action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Defendant, Vision Hospitality Group, Inc., is a Tennessee corporation with its headquarters located at 411 Broad Street, Suite 401, Chattanooga, Tennessee 37402-1311. Its registered agent for service of process is Cogency Global, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

5. Defendant, Mitchell Patel, is the CEO of Vision Hospitality Group, Inc. and was responsible for establishing its pay practices. He can be served process at 411 Broad Street, Suite 401, Chattanooga, Tennessee 37402-1311.

6. Plaintiff Chasity Moran was employed by Defendants as an hourly-paid housekeeping employee during all times material to this action. Plaintiff Moran's consent to join form is attached as *Exhibit A*.

## III.

## IV. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Defendants' headquarters and principal offices are located in this district.

## IV. COVERAGE

9. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d).

10. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) during all times material to this Collective Action.

11. During all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times material to this action, Defendants have been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

13. Plaintiff and similarly situated hourly-paid housekeeping employees have been "employees" of Defendants as that term is defined in the FLSA and have engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207 during all times material to this action.

## V. FACTUAL ALLEGATIONS

14. Defendants manage various operations, including housekeeping functions, at more than 40 hotels in the States of Tennessee, Alabama, Georgia, Florida, North Carolina, Texas, Ohio, Colorado and California.

15. Plaintiff was employed by and worked as an hourly-paid housekeeping employee for Defendants at one of the hotels they managed in Nashville, Tennessee during all times material to this Collective Action.

3

16. Defendant, Mitchell Patel, had oversight over Defendants' pay policies and practices and established the pay policies and practices related to Plaintiff and similarly situated hourly-paid housekeeping employees during all times material to this Complaint.

17. Defendants had a common practice of incentivizing its management members with bonuses and promotional opportunities if their respective departments and units stayed within or below the Defendants' labor cost goals.

18. Management members, in turn, had a common practice of demanding, requiring, imposing, expecting, and suffering and permitting, Plaintiff and similarly situated housekeeping employees to perform work in excess of 40 hours per week within weekly pay periods during all times material without compensating them at one and one-half times their regular hourly rates of Pay for such overtime hours in an effort to keep labor cost within or below Defendants' labor cost goals.

19. Moreover, Defendants had a common policy and practice of disallowing overtime work for Plaintiff and similarly situated housekeeping employees.

20. However, due to a shortage of housekeeping staff and other issues, Defendants' management members were forced to work Plaintiff and other similarly situated housekeeping employees in excess of 40 hours per week within weekly pay periods during all times material in order to meet their operational needs.

21. Nonetheless, such management members chose not to pay them overtime compensation for their overtime hours in order to comply with Defendants' "no overtime" policy and practice.

22. At all times material to this action, Plaintiff and other similarly situated hourly-paid housekeeping employees performed work for Defendants in excess of forty (40) per week

4

Case 1:23-cv-00287-TAV-SKL    Document 1    Filed 12/08/23    Page 4 of 13    PageID #: 4

within weekly pay periods during all times material to this action, without being paid at the applicable FLSA overtime compensation rates of pay for all such overtime hours.

23. Consequently, Defendants owe Plaintiff and those similarly situated one and one-half times their regular hourly rates of pay for all their hours over 40 per week within weekly pay periods during all times material to this Complaint.

24. Plaintiff complained to management about not receiving overtime compensation for the overtime hours of herself and other similarly situated housekeeping employees.

25. Defendants were aware they were not paying Plaintiff and those similarly situated for all their earned overtime pay at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all time material to this action.

26. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified though a common theory of Defendants' FLSA violations.

27. Defendants' common policy and practice of not compensating Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

28. Defendants failed to keep timely and accurate pay records related to Plaintiff and those similarly situated during all times material.

29. Defendants' failure to compensate Plaintiff and those similarly situated for unpaid overtime was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

30. As a result of Defendants' lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the overtime compensation requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation as well as

other damages.

31. The net effect of Defendants' common practice of failing to pay Plaintiff and those similarly situated for all their overtime at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this Collective Action was to unjustly enrich themselves and enjoy ill-gained profits at the expense of Plaintiff and those similarly situated.

## VI. FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this lawsuit on behalf of herself and those similarly situated pursuant to 29 U.S.C. § 216(b) to recover from Defendants unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other related damages.

33. Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly-paid housekeeping employees who were employed by Defendants anywhere in the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who join this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "potential plaintiffs").

34. Plaintiff and potential plaintiffs are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and potential plaintiffs for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA – as previously described.

35. This action is properly maintained as a Collective Action because Plaintiff is similarly situated to potential plaintiffs as a result of Defendants' unlawful timekeeping and

6

Case 1:23-cv-00287-TAV-SKL    Document 1    Filed 12/08/23    Page 6 of 13    PageID #: 6

compensation policy and practice.

36. Plaintiff and potential plaintiffs are similarly situated in that their unpaid overtime claims are unified through a common theory of Defendants' FLSA violations.

37. Defendants operated under a common practice to deprive Plaintiff and potential plaintiffs of their earned overtime compensation.

38. The Collective Action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants acted or refused to act on grounds generally applicable to potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of plaintiff and potential plaintiffs to protect their interests.

39. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are in complete alignment with theirs, i.e. to pursue their aforementioned unpaid overtime compensation claims.

40. Counsel for Plaintiff will adequately protect her interests as well as the interests of all potential plaintiffs.

41. Defendants knew Plaintiff and potential plaintiffs performed compensable work time in excess of 40 hours per week within weekly pay periods but failed to compensate them for such overtime at the applicable FLSA overtime compensation rates of pay, as previously described.

42. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, and which conduct has caused significant damages to Plaintiff and potential plaintiffs.

43. Defendants did not have a good faith basis for their failure to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

44. Therefore, Defendants are liable to Plaintiff and potential plaintiffs for failing to properly compensate them for their unpaid overtime hours, as required by the FLSA.

45. Plaintiff requests this Court to authorize notice to potential plaintiffs and to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

46. Plaintiff estimates there are more than 500 potential plaintiffs to this action. The precise number can be easily ascertained in part by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

47. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging and by posting notice at all of Defendants' work sites and locations.

48. The unpaid overtime compensation claims of Plaintiff and potential plaintiffs may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

49. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

50. At all times material, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

51. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a) during all times material. Plaintiff and those similarly situated also have engaged in interstate commerce during all times material to this action.

52. At all times material, Defendants have been an "employer" of Plaintiff and those similarly situated, as such term is defined by the FLSA.

53. Plaintiff and those similarly situated were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements during all times material.

54. Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) during all times material, as previously described.

55. As a result of Defendants' common practice of failing to pay Plaintiff and those similarly situated for all their overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material - as previously described - Defendants have violated the FLSA and is liable to them for such unpaid overtime compensation.

56. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

57. Through its common pay policy and practice, Defendants have violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint.

9

58. Defendants' conduct was willful with reckless disregard to clearly established FLSA provisions.

59. Defendants did not have a good faith basis for their conduct.

60. The unpaid overtime claims of Plaintiff and potential plaintiffs are unified through a common theory of Defendants' FLSA violations.

61. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

62. Therefore, Defendants are liable to Plaintiff and potential plaintiffs for actual unpaid overtime compensation, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF FLSA

63. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

64. Plaintiff was unlawfully discharged from her employment with Defendants in retaliation for complaining to management members about Defendants' failure to pay her and potential plaintiffs full overtime compensation for the overtime hours they had earned within weekly pay periods during all times material.

65. More specifically, within a few days before her termination of employment with Defendants, Plaintiff complained to Defendants' management members several times that she and other similarly situated employees had not received all their earned overtime compensation

66. Defendants violated 29 U.S.C. § 215(a)(3) by terminating her employment in retaliation for her engaging in such activity.

67. Defendants had no basis to terminate Plaintiff's employment other than for exercising her protected rights under 29 U.S.C. § 215(a)(3).

68. Therefore, Plaintiff's termination was causally connected to her protected activity in that she was discharged from her employment within a few days of complaining to Defendants' about not receiving overtime compensation on behalf of herself and potential plaintiffs to this action.

69. Defendant's conduct was willful and in reckless disregard to clearly established FLSA provisions.

70. As a result of her unlawful termination, Plaintiff has suffered monetary damages (lost wages both past and future), compensatory damages (emotional distress, loss of sleep, loss of reputation), and other legal and equitable damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually and on behalf of herself and potential plaintiffs to this FLSA Collective Action, as well as on her own behalf under 29 U.S.C. § 215(a)(3), requests this Court to grant the following relief against said Defendants:

   A.   Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting such potential members to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

   B.   On Count I, an award of compensation for unpaid overtime to Plaintiff and potential plaintiffs who join this action;

C. On Count I, an award of liquidated damages to Plaintiff and potential plaintiffs who join this action; or in the alternative, an award of prejudgment interest;

D. On Count I, an award of post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiff who join this action;

E. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs who join this action;

F. On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. On Count II, a ruling that Plaintiff was unlawfully terminated from her employment in violation of 29 U.S.C. § 215(a)(3).

H. On Count II, an award of legal and equitable damages to Plaintiff for being unlawfully termination from her employment in violation of 29 U.S.C. § 215(a)(3), including compensatory damages for severe emotional stress, etc.

I. On Count II, an award of liquidated damages to Plaintiff for being unlawfully terminated from her employment in violation of 29 U.S.C. § 215(a)(3).

J. On Count II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff; and

K. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: December 8, 2023.

        Respectfully Submitted,

        *s/J. Russ Bryant*

        Gordon E. Jackson (TN BPR #8323)
        J. Russ Bryant (TN BPR #33830)
        James L. Holt, Jr. (TN BPR #12123)
        J. Joseph Leatherwood IV (TN BPR #39490)
        **JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
        Attorneys at Law
        262 German Oak Drive
        Memphis, Tennessee 38018
        Telephone: (901) 754-8001
        Facsimile: (901) 754-8524
        *gjackson@jsyc.com*
        *rbryant@jsyc.com*
        jholt@jsyc.com
        *jleatherwood@jsyc.com*

        ***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***