IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| CHASITY MORAN, Individually, and on behalf of herself and other similarly situated current and former employees, | CASE NO. 1:23-cv-00287 |
| *Plaintiff,* | |
| v. | **FLSA COLLECTIVE ACTION** |
| VISION HOSPITALITY GROUP, INC. and MITCHELL PATEL, individually, | **JURY DEMANDED** |
| *Defendants.* | |

## DEFENDANTS' ANSWER AND SEPARATE DEFENSES

Defendants Vision Hospitality Group, Inc. ("VHG") and Mitchell Patel ("Patel") (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby file this Answer and Separate Defenses to Plaintiff's Collective Action Complaint. Defendants respond to the Paragraphs in Plaintiffs' Complaint as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants as a Collective Action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid housekeeping employees as defined herein.

**RESPONSE:** Defendants admit that Plaintiff brings the referenced claim but denies that the case should proceed in a collective capacity and denies any allegation that it violated the FLSA or any other law.

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half times their regular hourly rates of pay, as required by the FLSA.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Plaintiff brings this action as a Collective Action pursuant to 29 U.S.C. § 216(b).

**RESPONSE:** Defendants deny that this action may be proceed in a collective capacity pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Defendant, Vision Hospitality Group, Inc., is a Tennessee corporation with its headquarters located at 411 Broad Street, Suite 401, Chattanooga, Tennessee 37402-1311. Its registered agent for service of process is Cogency Global, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

**RESPONSE:** Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant, Mitchell Patel, is the CEO of Vision Hospitality Group, Inc. and was responsible for establishing its pay practices. He can be served process at 411 Broad Street, Suite 401, Chattanooga, Tennessee 37402-1311.

**RESPONSE:** Defendants deny the allegations in Paragraph 5.

6. Plaintiff Chasity Moran was employed by Defendants as an hourly-paid housekeeping employee during all times material to this action. Plaintiff Moran's consent to join form is attached as *Exhibit A*.

**RESPONSE:** Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## III.

## IV. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

**RESPONSE:** Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Defendants' headquarters and principal offices are located in this district.

**RESPONSE:** Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

### IV. COVERAGE

9. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d).

**RESPONSE:** Defendants admit only that Vision Hospitality Group is an employer within the meaning of 29 U.S.C. § 203(d). Defendants deny the remaining allegations in Paragraph 9.

10. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) during all times material to this Collective Action.

**RESPONSE:** Defendants admit only that Vision Hospitality Group is an enterprise within the meaning of 29 U.S.C. § 203(r). Defendants deny the remaining allegations in Paragraph 10.

11. During all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

**RESPONSE:** Defendants admit the allegations contained in Paragraph 11 as to Vision Hospitality Group only. Defendants deny the remaining allegations in Paragraph 11.

12. At all times material to this action, Defendants have been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

**RESPONSE:** Defendants admit that Vision Hospitality Group employed Plaintiff within the meaning of the FLSA. Defendants deny the remaining allegations in Paragraph 12.

13. Plaintiff and similarly situated hourly-paid housekeeping employees have been

"employees" of Defendants as that term is defined in the FLSA and have engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206– 207 during all times material to this action.

**RESPONSE:** Defendants admit the allegations contained in Paragraph 13 as to Vision Hospitality Group only. Defendants deny the remaining allegations in Paragraph 13.

## FACTUAL ALLEGATIONS

14. Defendants manage various operations, including housekeeping functions, at more than 40 hotels in the States of Tennessee, Alabama, Georgia, Florida, North Carolina, Texas, Ohio, Colorado and California.

**RESPONSE:** Defendants admits only that Vision Hospitality Group manages housekeeping functions at hotels in various states but denies that it manages any such functions in California. Defendants deny the remaining allegations in Paragraph 14.

15. Plaintiff was employed by and worked as an hourly-paid housekeeping employee for Defendants at one of the hotels they managed in Nashville, Tennessee during all times material to this Collective Action.

**RESPONSE:** Defendants admit that Plaintiff worked for as an hourly-paid housekeeping employee for Vision Hospitality Group at one of its Nashville, Tennessee hotels. Defendants deny any remaining allegations in Paragraph 15.

16. Defendant, Mitchell Patel, had oversight over Defendants' pay policies and practices and established the pay policies and practices related to Plaintiff and similarly situated hourly- paid housekeeping employees during all times material to this Complaint.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants had a common practice of incentivizing its management members with bonuses and promotional opportunities if their respective departments and units stayed within or

below the Defendants' labor cost goals.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Management members, in turn, had a common practice of demanding, requiring, imposing, expecting, and suffering and permitting, Plaintiff and similarly situated housekeeping employees to perform work in excess of 40 hours per week within weekly pay periods during all times material without compensating them at one and one-half times their regular hourly rates of Pay for such overtime hours in an effort to keep labor cost within or below Defendants' labor cost goals.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Moreover, Defendants had a common policy and practice of disallowing overtime work for Plaintiff and similarly situated housekeeping employees.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. However, due to a shortage of housekeeping staff and other issues, Defendants' management members were forced to work Plaintiff and other similarly situated housekeeping employees in excess of 40 hours per week within weekly pay periods during all times material in order to meet their operational needs.

**RESPONSE:** Defendants admit only that Plaintiff and other housekeepers periodically worked more than 40 hours per workweek during the time period covered in the Complaint. Defendants deny the remaining allegations in Paragraph 20.

21. Nonetheless, such management members chose not to pay them overtime compensation for their overtime hours in order to comply with Defendants' "no overtime" policy and practice.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. At all times material to this action, Plaintiff and other similarly situated hourly-

paid housekeeping employees performed work for Defendants in excess of forty (40) per week within weekly pay periods during all times material to this action, without being paid at the applicable FLSA overtime compensation rates of pay for all such overtime hours.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Consequently, Defendants owe Plaintiff and those similarly situated one and one-half times their regular hourly rates of pay for all their hours over 40 per week within weekly pay periods during all times material to this Complaint.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Plaintiff complained to management about not receiving overtime compensation for the overtime hours of herself and other similarly situated housekeeping employees.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants were aware they were not paying Plaintiff and those similarly situated for all their earned overtime pay at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all time material to this action.

**RESPONSE** Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified though a common theory of Defendants' FLSA violations.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants' common policy and practice of not compensating Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

**RESPONSE:** Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants failed to keep timely and accurate pay records related to Plaintiff and

those similarly situated during all times material.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants' failure to compensate Plaintiff and those similarly situated for unpaid overtime was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. As a result of Defendants' lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the overtime compensation requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation as well as other damages.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. The net effect of Defendants' common practice of failing to pay Plaintiff and those similarly situated for all their overtime at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this Collective Action was to unjustly enrich themselves and enjoy ill-gained profits at the expense of Plaintiff and those similarly situated.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

### V. FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this lawsuit on behalf of herself and those similarly situated pursuant to 29 U.S.C. § 216(b) to recover from Defendants unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other related damages.

**RESPONSE:** Defendants admit only that Plaintiff brings the referenced claim but denies that the action may proceed in a collective capacity and deny any violation of the FLSA or any other law.

33. Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly-paid housekeeping employees who were employed by Defendants anywhere in the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

**RESPONSE:** Defendants admit only that Plaintiff purports to bring the referenced action in a collective capacity. Further answering, Defendants deny that the action may proceed in a collective capacity and deny any violation of the FLSA or any other law.

34. Plaintiff and potential plaintiffs are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and potential plaintiffs for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA – as previously described.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. This action is properly maintained as a Collective Action because Plaintiff is similarly situated to potential plaintiffs as a result of Defendants' unlawful timekeeping and compensation policy and practice.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Plaintiff and potential plaintiffs are similarly situated in that their unpaid overtime claims are unified through a common theory of Defendants' FLSA violations.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants operated under a common practice to deprive Plaintiff and potential plaintiffs of their earned overtime compensation.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. The Collective Action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants acted or refused to act on grounds generally applicable to potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of plaintiff and potential plaintiffs to protect their interests.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are in complete alignment with theirs, i.e. to pursue their aforementioned unpaid overtime compensation claims.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Counsel for Plaintiff will adequately protect her interests as well as the interests of all potential plaintiffs.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants knew Plaintiff and potential plaintiffs performed compensable work time in excess of 40 hours per week within weekly pay periods but failed to compensate them for such overtime at the applicable FLSA overtime compensation rates of pay, as previously described.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, and which conduct has caused significant damages to Plaintiff and potential plaintiffs.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants did not have a good faith basis for their failure to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Therefore, Defendants are liable to Plaintiff and potential plaintiffs for failing to properly compensate them for their unpaid overtime hours, as required by the FLSA.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Plaintiff requests this Court to authorize notice to potential plaintiffs and to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Plaintiff estimates there are more than 500 potential plaintiffs to this action. The precise number can be easily ascertained in part by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging and by posting notice at all of Defendants' work sites and locations.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. The unpaid overtime compensation claims of Plaintiff and potential plaintiffs may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Complaint.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

49. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

**RESPONSE:** Defendants incorporate by reference and re-allege its responses to Paragraphs 1-48 as if fully set forth herein.

50. At all times material, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

**RESPONSE:** The allegations in Paragraph 50 constitute a legal conclusion which do not require a response.

51. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a) during all times material. Plaintiff and those similarly situated also have engaged in interstate commerce during all times material to this action.

**RESPONSE:** Defendants admit that Vision Hospitality Group is an employer within the meaning of the FLSA. Defendants deny the remaining allegations in Paragraph 51.

52. At all times material, Defendants have been an "employer" of Plaintiff and those similarly situated, as such term is defined by the FLSA.

**RESPONSE:** Defendants admit only that Vision Hospitality Group employed Plaintiff within the meaning of the FLSA. Defendants deny the remaining allegations in Paragraph 52.

53. Plaintiff and those similarly situated were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements during all times material.

**RESPONSE:** Defendants admit only that Vision Hospitality Group employed Plaintiff within the meaning of the FLSA. Defendants deny the remaining allegations in Paragraph 53.

54. Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) during all times material, as previously described.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. As a result of Defendants' common practice of failing to pay Plaintiff and those similarly situated for all their overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material - as previously described - Defendants have violated the FLSA and is liable to them for such unpaid overtime compensation.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

**RESPONSE:** The allegations in Paragraph 56 constitute a legal conclusion which do not require a response from Defendants.

57. Through its common pay policy and practice, Defendants have violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendants' conduct was willful with reckless disregard to clearly established FLSA provisions.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendants did not have a good faith basis for their conduct.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. The unpaid overtime claims of Plaintiff and potential plaintiffs are unified through a common theory of Defendants' FLSA violations.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Therefore, Defendants are liable to Plaintiff and potential plaintiffs for actual unpaid overtime compensation, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF FLSA

63. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

**RESPONSE:** Defendants incorporate by reference and re-allege its responses to Paragraphs 1-62 as if fully set forth herein.

64. Plaintiff was unlawfully discharged from her employment with Defendants in retaliation for complaining to management members about Defendants' failure to pay her and potential plaintiffs full overtime compensation for the overtime hours they had earned within weekly pay periods during all times material.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. More specifically, within a few days before her termination of employment with Defendants, Plaintiff complained to Defendants' management members several times that she and other similarly situated employees had not received all their earned overtime compensation.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendants violated 29 U.S.C. § 215(a)(3) by terminating her employment in retaliation for her engaging in such activity.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendants had no basis to terminate Plaintiff's employment other than for exercising her protected rights under 29 U.S.C. § 215(a)(3).

**RESPONSE:** Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Therefore, Plaintiff's termination was causally connected to her protected activity in that she was discharged from her employment within a few days of complaining to Defendants' about not receiving overtime compensation on behalf of herself and potential plaintiffs to this action.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant's conduct was willful and in reckless disregard to clearly established FLSA provisions.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. As a result of her unlawful termination, Plaintiff has suffered monetary damages (lost wages both past and future), compensatory damages (emotional distress, loss of sleep, loss of reputation), and other legal and equitable damages.

**RESPONSE:** Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

## GENERAL DENIAL

Any and all other allegations, claims, and prayers contained in Plaintiff's Complaint that have not been specifically admitted or denied are hereby denied in their entirety.

## SEPARATE DEFENSES

### FIRST DEFENSE

1. Plaintiff's claims are barred in whole or in part by exclusions, exceptions, and credits provided for in Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207, including sections 7(e) and 7(h), 29 U.S.C. § 207(e) and (h).

### SECOND DEFENSE

2. Plaintiff's claims are barred by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent that actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or an administrative practice or enforcement policy of such agency with respect to the class of employers to which Defendants belonged.

### THIRD DEFENSE

3. Plaintiff's claims for liquidated damages is barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### FOURTH DEFENSE

4. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal

Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in (i) walking, riding, or traveling to and from the actual place(s) he performed the principal activities he was employed to perform, (ii) activities that were preliminary or postliminary to his principal activities, and (iii) other activities that are rendered non-compensable by virtue of the provisions of Section 4.

## FIFTH DEFENSE

5. Plaintiff's claims are barred to the extent they exceed the two-year statute of limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

## SIXTH DEFENSE

6. Plaintiff's claims are barred to the extent they exceed the three-year statute of limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

## SEVENTH DEFENSE

7. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to Plaintiff's principal activities.

## EIGHTH DEFENSE

8. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## NINTH DEFENSE

9. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action

were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

## TENTH DEFENSE

10. Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, exceptions, or credits set forth in Section 7 of the FLSA, 29 U.S.C. § 207.

## ELEVENTH DEFENSE

11. Defendant reserves the right to assert any and all additional defenses as may be determined necessary during the course of discovery.

## TWELFTH DEFENSE

12. Plaintiff cannot satisfy the requirements to maintain a collective action under the FLSA.

\*\*\*

WHEREFORE, Defendants, having fully answered the Complaint and having asserted their defenses thereto, respectfully request that the Court deny all relief requested in the Complaint, enter judgment in Defendants' favor, and grant Defendants such other relief as may be deemed just and appropriate.

Respectfully submitted,

*/s/Edward N. Boehm, Jr.*
Edward N. Boehm, Jr.
TN BPR #025275
**FISHER & PHILLIPS LLP**
1230 Peachtree Street NE, Suite 3300
Atlanta, GA 30309
(404) 231-1400 (T)
(404) 240-4249 (F)
tboehm@fisherphillips.com

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| CHASITY MORAN, Individually, and on behalf of herself and other similarly situated current and former employees, | CASE NO. 1:23-cv-00287 |
| *Plaintiff,* | |
| v. | **FLSA COLLECTIVE ACTION** |
| VISION HOSPITALITY GROUP, INC. and MITCHELL PATEL, individually, | **JURY DEMANDED** |
| *Defendants.* | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024, I electronically filed *DEFENDANTS' ANSWER AND SEPARATE DEFENSES* using the Court's electronic filing system, which will automatically send email notification of such filing to the following attorney(s) of record:

> Gordon E. Jackson
> J. Russ Bryant
> James L. Holt, Jr.
> J. Joseph Leatherwood
> **JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
> 262 German Oak Drive
> Memphis, TN 38018
> gjackson@jsyc.com
> rbryant@jsyc.com
> jholt@jsyc.com
> jleatherwood@jsyc.com

> */s/Edward N. Boehm*
> Edward N. Boehm
> TN BPR #025275